PEOPLE'S BANK AND TRUST COMPANY, APPELLANT, v. PASSAIC COUNTY BOARD OF TAXATION, RESPONDENT.

Submitted July 10, 1916—Decided March 5, 1917.

1. A county board of taxation having made an assessment of the stock of a bank as required by the act for the taxation of bank stock (*Pamph. L.* 1914, *p.* 141), a claim for a deduction therefrom of the value of certain shares of stock in other banks taxable elsewhere was properly denied.

2. Double taxation is avoided under section 4 of the act not by excluding personal property of the bank that is taxable elsewhere from entering into the assessed value of its stock, but by providing that such assessment shall render such property immune from further taxation to the extent that its value has entered into such assessment.

On appeal from the Supreme Court.

This is an appeal from a judgment of the Supreme Court affirming an assessment of taxes for the year 1914, levied by the Passaic County Board of Taxation against the appellant

under the provisions of chapter 90, laws of 1914, regulating the taxation of bank stock.

The value of the stock of the bank, assessed according to the provisions of the act of 1914 was $474,611.45, from which $77,200 was deducted as the assessed value of real estate owned by the bank, leaving $397,411.45 as the value of its stock, all of which was by its request assessed against the bank. A petition filed on December 17th, 1914, informed the board of taxation that the bank owned certain shares of stock of two banking institutions in Bergen county of the aggregate value of $104,964.35, on which it had been assessed by the Bergen County Board of Taxation, the prayer of the petition being that the said sum of $104,964.35 be deducted from the $397,411.45, the assessed value of its own stock, and that it be taxed only upon the difference. The Passaic County Board of Taxation refused to make this deduction, which action was affirmed by the Supreme Court by the judgment now under review, the meritorious question being whether the deduction claimed by the appellant was authorized or required by the act for the taxation of bank stock. *Pamph. L.* 1914, *p.* 141.

For the appellant, *Humphreys & Sumner.*

For the respondent, *Fred W. Van Blarcom.*

The opinion of the court was delivered by

GARRISON, J. The deduction was not authorized by the statute; it is expressly forbidden by it. By section 2 of the act the only deduction authorized to be made is the assessed value of the real property of the bank. This express direction as to the deduction to be made excludes upon general principles the authority to make other deductions. The legislature, however, did not let the matter rest upon this general doctrine, but on the contrary concluded the section with the categorical statement, "No deduction or exemption shall be allowed or made from the value determined as herein provided."

This injunction, which was addressed to and prescribed the duty of the taxing board, was followed in section 4 by an equally explicit statement addressed to the shareholders, whose stock was assessed under the act in these words: "The owners of such stock shall be entitled to no deduction from the taxable value of their shares * * * for any reason whatsoever." In the face of these unequivocal declarations, it is futile to argue that it was error for the board of taxation to refuse to allow a deduction which it was thus expressly commanded not to allow. No argument can make it error to obey a statute.

If the proceeding to test the board's denial of the deduction were by *mandamus,* the relator could not expect to get from the court a declaration that it was the clear legal duty of the board to violate an express provision of the statute.

The argument by which in this *certiorari* proceeding it is sought indirectly to put the board in the wrong, is based upon a misapprehension of the language of the fourth section of the Taxing act, viz.: "The said tax shall be in lieu of all other state, county or local taxation upon such shares, or upon any personal property held or owned * * * the value of which enters into the taxing value of such shares of stock." The appellant would construe this language as clothing the taxing board with the power and the duty to see that the value of personal property of the bank otherwise taxable did not enter into the taxing value of its shares assessed under the act, or, failing in that, to deduct the value of such property otherwise taxable from such taxing value when ascertained under the act.

Such a construction cannot be given to the language in question. First, because it conflicts with the express provisions already quoted; second, because it calls for data not in the possession of the board and not provided by the act in its third section or elsewhere; and third, because the language itself is not susceptible of having such a meaning placed upon it.

The meaning of the language in question is perfectly clear, and doubly so in view of the context, for it immediately follows the clause already quoted which declared that the shareholders were entitled to no deductions from the assessment made under the act. Having thus denied to the shareholders the right to any deduction from the assessment made under this act, the remainder of the section, which is the language under consideration, announces in favor of such shareholders a resulting exemption from further taxation as to any property value that has entered into the assessment made under the act. The object of this provision, as was pointed out in *Commercial Trust Company* v. *Board of Taxation,* 87 *N. J. L.* 179, was to avoid double taxation, but the means by which this is accomplished is not as the appellant contends, by deducting or excluding personal property of the bank that is taxable elsewhere from entering into the assessed value of its stock, but by providing that such assessment shall render the bank immune from further taxation on such personal property to the extent that its value has entered into such assessment.

The fact that the statute treats ownership by the bank as the equivalent of ownership by its shareholders, does not obscure its meaning or detract from its effect. The point that concerns the present controversy is that the language under consideration that is thus beneficial to the owners of the class of property affected, and that is binding upon taxing authorities seeking to impose further taxes thereon, is absolutely devoid of any effect as to the Passaic County Tax Board, whose assessment had produced the result thus announced. In fine, the clause in question does not purport to prescribe the conduct of such board in making the assessment required by the act, but simply declares what shall be the effect of such assessment when made. This is the chief, indeed the sole, aspect in which this clause is of any present interest, for if it imposed no duty upon the Passaic County Tax Board, it is for present purposes negligible; its practical workings or even its impracticability being no concern

to the respondent, in the attitude in which it is now before this court.

The avoidance of double taxation, at which the provision in question is thus aimed, does not require or justify the arbitrary exemption from further taxation of the whole of the personal property with which the provision deals, but only its owner's immunity from the payment of any further tax upon the value of such property that has entered into the assessment under the statute. As to such value he has been duly taxed and hence as to it he shall not be further taxed, but as to the value of such property that is not so taxed, he is given no such immunity either by the spirit of section 4 or by its letter.

The fundamental proposition upon which this grant of immunity rests, and by which its extent is to be ascertained, is that every asset held by a bank enters into and is reflected in the true value of its stock. This proposition, as was pointed out in the case already cited, is essential to the constitutional taxation of property at its true value, and a doctrine that is thus essential to the validity of a taxing act must a fortiori be applicable to all of its provisions.

Starting with this imperative assumption, the value imparted by any particular asset of a bank to an assessment of its stock that reflects all of its assets is a mere matter of ratio, in which, three of the quantities being known, the fourth is ascertainable by a sum in simple proportion. The assets are known, the particular asset is known and can be subtracted therefrom, which gives the two sums of assets on which the ratio depends: the original assessment based on all the assets is also known. With these three known quantities the amount of an assessment into which the particular asset does not enter is readily determined, and the difference between this hypothetical assessment and the one into which such particular asset actually enters is the extent to which the value of the particular asset has entered into the taxing value ascertained under the act as to which value immunity from further taxation is granted. Properly construed, there-

fore, the language of section 4 is entirely without the force sought to be ascribed to it.

The conclusion reached is that the Passaic Board of Taxation, the respondent here, correctly refused to allow the deduction claimed by the appellant.

The judgment of the Supreme Court is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, BERGEN, BLACK, WHITE, WILLIAMS, GARDNER, JJ.    10.

*For reversal*—HEPPENHEIMER, J.    1.